HYLAND et al. v. PRESIDENT, ETC., OF VILLAGE OF OSSINING.

(Supreme Court, Appellate Division, Second Department. June 12, 1908.)

MUNICIPAL CORPORATIONS—STREETS—ALTERATIONS—CHANGE OF PLANS FOR ALTERATIONS.

Under Ossining Village Charter, Laws 1906, c. 242, p. 500, § 66, providing that the trustees of the village shall be commissioners of highways for the territory within the village, declared to be a separate road district, and shall possess the powers of commissioners of highways under the general laws and the acts amendatory thereof, and section 70 (page 501), authorizing freeholders to present to the trustees a petition for al-

tering streets in the village, etc., a plan adopted by the trustees for the alteration of a street on a petition therefor can only be changed by action of the trustees legally constituted, and a change by the village engineer with the approval of the chairman of the committee on roads, subsequently acquiesced in by the other trustees, is void.

Appeal from Special Term, Westchester County.

Actions by William Hyland and others against the president and trustees of the village of Ossining. From judgments (57 Misc. Rep. 212, 107 N. Y. Supp. 225) for plaintiffs, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Frank L. Young, for appellant.

Smith Lent, for respondents.

RICH, J. The judgments appealed from direct the removal of an obstruction in course of erection in front of plaintiffs' premises. Section 66, c. 242, p. 500, Laws 1906 (defendant's charter), provides that:

"The territory within the corporation limits of said village is hereby declared a separate road district exempt from the jurisdiction and superintendence of the commissioners of highways of the town of Ossining, and the trustees of said village shall be commissioners of highways for the same, and for such purposes shall possess and have all the powers possessed by commissioners of highways of towns, under article 4 of chapter 568 of the Laws of 1890, known as chapter 19 of the general laws, and the several acts amendatory thereof, so far as the same can be made applicable thereto, and the clerk of said village shall possess and perform all the powers and duties of the town clerk therein."

Section 70 of the charter provides that:

"Five resident freeholders may present to the board of trustees a petition for laying out, altering, widening, narrowing or discontinuing a street in the village."

A petition was presented to the president and board of trustees conforming to the provisions of this section on July 16, 1907, asking for "the alteration or widening and change of alignment of a portion of Secor Road, in said village, in the particulars hereinafter mentioned, and closing of Main street at its intersection with the west side of Secor Road in said village," and containing a description of the proposed change, which contemplated taking a strip of land belonging to plaintiffs on the north side of said road. Upon presentation of the petition a notice of hearing was appointed to be held on July 31st, and sufficient notice thereof given to plaintiffs (see section 156 of the charter). Subsequently the prayer of the petition was granted, and, without making any provision for acquiring the land necessary for the proposed change, defendants entered into a contract for carrying out the plans, and work was immediately commenced. After this, and in order to avoid the necessity of acquiring an easement over plaintiffs' property, the plans were changed, and defendants have undertaken to erect a solid wall of masonry five feet thick and six feet high above the surface of the ground directly in front of plaintiffs' premises and immediately adjacent thereto; the top of the wall being about even with the top of the windows in the first floor of plaintiffs' residence, upon the top of which it is proposed to erect a fence four feet high.

The learned trial justice before whom this action was tried has found upon satisfactory evidence that the proposed structure is unsightly and of great annoyance to plaintiffs and has prevented them from having access to a part of their premises. The change in the plans was unauthorized. The work was not done in accordance with the plans adopted by the board of trustees, but after plans of the city engineer, who staked out a different route, with the approval of the chairman of the committee on roads and bridges, which was subsequently acquiesced in by the other members of the board. The plans, having once been formally adopted, could only be changed by like action of the board of trustees, legally and duly constituted. It is conceded that this was not done until some time after the commencement of this action, and it follows that the attempted modification was without authority and void.

As the judgments must be affirmed, it will be unnecessary to discuss the other alleged irregularities on the part of defendants.

Judgments affirmed, with costs. All concur.